Filed 4/21/15  P. v. Lefler CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B258903 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA134755) |
| v. | |
| CODY LEFFLER, | |
| Defendant and Appellant. | |

THE COURT:[*]

On September 5, 2014, Cody Leffler (Leffler) appealed from the judgment entered after he was acquitted on the offenses charged in the information but convicted of a lesser included offense, possession of a controlled substance (Health & Saf. Code, § 11377). He was sentenced to the low term of 16 months.  Subsequently, the trial court granted Leffler's Proposition 47 petition and ordered his conviction to be reduced from a felony to a misdemeanor.  He was resentenced to time served.  Several months later, Leffler's appointed appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*) in which he indicated that there are no arguable issues that can be raised.  On February 9, 2015, we notified Leffler of his counsel's brief and gave him

---

[*]     BOREN, P. J., ASHMANN-GERST, J., CHAVEZ, J.

leave to file, within 30 days, a brief or letter setting forth any arguments supporting his appeal. That time expired, and Leffler opted not to file a brief or letter.

The record indicates the following:

An information was filed on June 17, 2014, in the Los Angeles Superior Court, charging Leffler with possession of a controlled substance for sale (Health & Saf. Code, § 11378; count 1) and possession of a controlled substance with a firearm (Health & Saf. Code, § 11370.1, subd. (a); count 4). The information further alleged that Leffler was armed with a firearm in the commission of count 1 (Pen. Code, § 12022, subd. (c)). Leffler made a motion and requested either that the trial court appoint a new attorney pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*) or allow Leffler to represent himself. The trial court denied the *Marsden* motion. Leffler withdrew his request to represent himself.

The case proceeded to trial.

The evidence established that on November 20, 2013, police officers executed a search warrant at a house in Norwalk. Department of Motor Vehicle records indicated that the house was Leffler's legal place of residence. The house belonged to the mother of Mikelene Dennis (Dennis). Leffler had lived there since July 2012. After entering the house, the police detained Heather Dee and took her outside. In the first of four bedrooms, which contained men's toiletry items as well as various items labeled with Leffler's name, the police found a desk with a magnetic tin attached to the underside. At trial, an expert established that the magnetic tin recovered from the house contained 4.8 grams of methamphetamine. The second bedroom contained women's clothing and cosmetics. The remaining bedrooms contained nothing but storage boxes and miscellaneous items. Leffler's truck was parked in the backyard. Dennis testified that Leffler sent her a text message saying that police had come to the house, he was in the garage and ran away when they arrived, and he had a small amount of methamphetamine in the house.

At the close of evidence, Leffler moved to dismiss. (Pen. Code, § 1118.1.) The trial court denied his motion.

2

We have examined the entire record and are satisfied that Leffler's attorney has fully complied with his responsibilities and that no arguable issue exists. We conclude that Leffler has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123–124.)

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.